**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO LEE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDA CLARKE, et al.,<br><br>    Defendants.<br>_____ | No. C 99-4190 MMC (PR)<br><br>**ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

On September 10, 1999, plaintiff, a California prisoner incarcerated at the California Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In reviewing the complaint in accordance with 42 U.S.C. § 1915A, the Court found plaintiff had failed to state a cognizable claim that defendants A. Griffin, Gary A. Craft, and J.A. Soares violated his constitutional right of access to the courts. The Court thereafter granted defendants' motion to dismiss plaintiff's separate due process claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff appealed both dismissals. In an opinion filed February 21, 2006, the Ninth Circuit affirmed as to plaintiff's due process claim and remanded as to the right-to-access claim, with the following findings:

> Taylor alleged that the state court appointed an investigator to aid him in his state habeas proceeding, that he had the permission of the warden for confidential legal visits with the investigator, that prison personnel nevertheless refused to mail his correspondence, that he grieved the refusal and prevailed and that prison personnel still refused to mail his letter to the investigator. These allegations are sufficient to survive review under the screening provision and require the government to respond. *See* 28 U.S.C. § 1915A; *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Accordingly, pursuant to the order of the Ninth Circuit, the Court hereby orders as follows:

1. In order to expedite the resolution of this case,

   a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion[1]. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by dispositive motion, they shall so inform the Court prior to the date their dispositive motion is due.**

   All papers filed with the Court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

   > The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
   > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

   ---
   [1] Defendants may file a joint motion or separate motions.

2

>If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion and the granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c.    Defendants **shall** file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.    The dispositive motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

2.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

3.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 25, 2006

_____
MAXINE M. CHESNEY
United States District Judge