IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO LEE TAYLOR,<br><br>        Plaintiff,<br><br>  v.<br><br>LINDA CLARKE, et al.,<br><br>        Defendants.<br>_____ | No. C 99-4190 MMC (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE DEFENDANT OR SHOW CAUSE RE: LACK OF SERVICE** |

On September 10, 1999, plaintiff, a California prisoner incarcerated at the California Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In reviewing the Second Amended Complaint in accordance with 42 U.S.C. § 1915A, the Court, on February 18, 2004, found plaintiff had stated a cognizable due process claim for deprivation of property against defendants Gary A. Craft ("Craft") and J.A. Soares ("Soares"), but found plaintiff had failed to state a cognizable claim that any defendant had violated his constitutional right of access to the courts. Thereafter, on October 28, 2004, the Court granted defendants' motion to dismiss plaintiff's due process claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff appealed both dismissals. In an opinion filed February 21, 2006, the Ninth Circuit affirmed as to plaintiff's due process claim and remanded as to the right-to-access claim, with the following findings:

> Taylor alleged that the state court appointed an investigator to aid him in his state habeas proceeding, that he had the permission of the warden for confidential legal visits with the investigator, that prison personnel nevertheless

refused to mail his correspondence, that he grieved the refusal and prevailed and that prison personnel still refused to mail his letter to the investigator. These allegations are sufficient to survive review under the screening provision and require the government to respond.  *See* 28 U.S.C. § 1915A; *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996).

On May 25, 2006, the Court ordered defendants to file a dispositive motion regarding the access-to-courts claim found cognizable by the Ninth Circuit.  Defendants Soares and Craft thereafter correctly pointed out that in plaintiff's Second Amended Complaint, the only defendant alleged to be involved in the access-to-courts claim found cognizable by the Ninth Circuit is defendant A. Griffin ("Griffin"), who had not yet been served.  Accordingly, on July 26, 2006, the Court dismissed defendants Soares and Craft; by that same order the Court directed the Clerk to issue summons, and the United States Marshal to serve Griffin at the CTF, where plaintiff indicated Griffin was located.  (See Second Amended Complaint at 2.) On September 7, 2006, the Marshals Service returned the summons unexecuted, stating they were "unable to locate" Griffin at CTF because there was "no such individual by this name" there.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In cases where the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service."  Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

2

Here, plaintiff's complaint has been pending for over 120 days, and thus is subject to dismissal without prejudice against the unserved defendant, absent a showing of "good cause." See Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Griffin, plaintiff must remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (9th Cir. 1994) (holding prisoner failed to show good cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within **thirty (30) days** of the date this order is filed, plaintiff must either himself effect service on defendant A. Griffin, or provide the Court with an accurate current location such that the Marshal is able to effect such service. <u>Plaintiff's failure to do so, as ordered below, will result in dismissal of this matter pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

IT IS SO ORDERED.

DATED: October 26, 2006

MAXINE M. CHESNEY
United States District Judge