United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO LEE TAYLOR,<br><br>       Plaintiff,<br><br>  v.<br><br>LINDA CLARKE, et al.,<br><br>       Defendants.<br>_____ | No. C 99-4190 MMC (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; DIRECTING CLERK OF COURT TO SEND LETTER TO OFFICE OF LEGAL AFFAIRS REQUESTING SERVICE ADDRESS FOR DEFENDANT GRIFFIN**<br><br>(Docket No. 113) |

On September 10, 1999, plaintiff, a California prisoner incarcerated at the California Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In reviewing the Second Amended Complaint in accordance with 42 U.S.C. § 1915A, the Court, on February 18, 2004, found plaintiff had stated a cognizable due process claim for deprivation of property against defendants Gary A. Craft ("Craft") and J.A. Soares ("Soares"), but found he had failed to state a cognizable claim that any defendant had violated his constitutional right of access to the courts. Thereafter, on October 28, 2004, the Court granted defendants' motion to dismiss plaintiff's due process claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff appealed both dismissals. In an opinion filed February 21, 2006, the Ninth Circuit affirmed as to plaintiff's due process claim and remanded as to the right-to-access claim, with the following findings:

> Taylor alleged that the state court appointed an investigator to aid him in his state habeas proceeding, that he had the permission of the warden for confidential legal visits with the investigator, that prison personnel nevertheless

1
2
3
    refused to mail his correspondence, that he grieved the refusal and prevailed and that prison personnel still refused to mail his letter to the investigator. These allegations are sufficient to survive review under the screening provision and require the government to respond. *See* 28 U.S.C. § 1915A; *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996).

4     On May 25, 2006, the Court ordered defendants to file a dispositive motion regarding
5 the access-to-courts claim found cognizable by the Ninth Circuit. Defendants Soares and
6 Craft thereafter correctly pointed out that in plaintiff's Second Amended Complaint, the only
7 defendant alleged to be involved in the access-to-courts claim found cognizable by the Ninth
8 Circuit is defendant A. Griffin ("Griffin"), who had not yet been served. Accordingly, on
9 July 26, 2006, the Court dismissed defendants Soares and Craft; by that same order the Court
10 directed the Clerk of the Court to issue summons and the United States Marshal to serve
11 Griffin at CTF, where plaintiff indicated Griffin was located. (See Second Amended
12 Complaint at 2.) On September 7, 2006, the Marshals Service returned the summons
13 unexecuted, stating they were "unable to locate" Griffin at CTF because there was "no such
14 individual by this name" there.

15     On October 26, 2006, the Court found plaintiff's complaint had been pending for over
16 120 days, and thus, under Rule 4(m) of the Federal Rules of Civil Procedure, was subject to
17 dismissal without prejudice against the unserved defendant, absent a showing of "good
18 cause." Accordingly, the Court ordered plaintiff, within thirty days of the date the order was
19 filed, to either himself effect service on Griffin, or provide the Court with an accurate current
20 location such that the Marshal would be able to effect such service. The Court informed
21 plaintiff that his failure to do so would result in dismissal of this matter pursuant to Rule
22 4(m). On November 29, 2006, the Court granted plaintiff's request for a thirty-day extension
23 of time to comply with the Court's order.

24     Now before the Court is plaintiff's motion to compel the state Attorney General
25 ("AG"), who was counsel of record for defendant Soares in this matter, to show cause why
26 sanctions and/or contempt findings should not be entered against him.[1] The basis for the

---

28     [1]Defendant Craft, a county employee, was represented by County Counsel.

2

motion is plaintiff's contention the AG has failed to respond to his requests for a service address for defendant Griffin, a state prison employee, and has refused to waive service on Griffin's behalf under Rule 4(d) of the Federal Rules of Civil Procedure.  In support of his motion, plaintiff has filed a declaration in which he asserts that, in addition to having requested service information from the AG, he has sent correspondence to the Litigation Coordinator at CTF requesting such information, and has had an associate who is not a state prisoner contact the California Department of Corrections and Rehabilitation headquarters in Sacramento, and the State Personnel Board, in an attempt to obtain Griffin's current job title and assignment location.  According to plaintiff, no response has been provided to any of these inquiries.

The Court finds plaintiff's motion to compel is without merit.  The State Attorney General's Office does not represent defendant Griffin (or any defendant in this action) at this time and, thus, is under no legal obligation to provide plaintiff with service information for Griffin or to waive service on Griffin's behalf under Rule 4(d).  Accordingly, the motion to compel will be denied.

As noted, the Court's order to show cause directed plaintiff to either himself effect service on Griffin, or provide the Court with an accurate current location such that the Marshal would be able to effect such service.  Plaintiff was required to do so by December 29, 2006.  He has not done so.  Consequently, the complaint is subject to dismissal, as set forth in the Court's order to show cause.  In view of plaintiff's asserted efforts to obtain service information with respect to Griffin, however, and the asserted lack of any response to his requests, the Court finds good cause exists under Rule 4(m) to provide one final extension of time for service.

Accordingly, the Court will direct the Clerk of the Court to send a letter to the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, requesting assistance in obtaining a forwarding address for Griffin.  If a forwarding address is provided, the Court will direct the Clerk to issue a new summons, for purposes of the United States Marshal's making a renewed attempt to serve Griffin.  If, however, the Office of Legal

3

Affairs informs the Court it has no forwarding address for Griffin, this action will be dismissed under Rule 4(m).

**CONCLUSION**

1. Plaintiff's motion to compel the state Deputy Attorney General to show cause why sanctions and/or contempt findings should not be entered against him (Docket No. 113) is hereby DENIED.

2. The Clerk is hereby DIRECTED to send a letter to the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, as set forth above. If a forwarding address for defendant Griffin is provided, the Clerk will be directed to issue summons and the United States Marshal will be directed to make a renewed attempt to serve Griffin. If, however, the Office of Legal Affairs informs the Court it has no forwarding address for Griffin, this action will be dismissed under Rule 4(m).

This order terminates Docket No.113.

IT IS SO ORDERED.

DATED: August 3, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4