1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALONZO LEE TAYLOR,                    )     No. C 99-4190 MMC (PR)
                                      )
              Plaintiff,              )
                                      )     **ORDER OF DISMISSAL**
       v.                             )
                                      )
LINDA CLARKE, et al.,                 )
                                      )
              Defendants.             )
_____       )

On September 10, 1999, plaintiff, a California prisoner incarcerated at the California Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In reviewing the Second Amended Complaint in accordance with 42 U.S.C. § 1915A, the Court, on February 18, 2004, found plaintiff had stated a cognizable due process claim for deprivation of property against defendants Gary A. Craft ("Craft") and J.A. Soares ("Soares"), but found he had failed to state a cognizable claim that any defendant had violated his constitutional right of access to the courts. Thereafter, on October 28, 2004, the Court granted defendants' motion to dismiss plaintiff's due process claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff appealed both dismissals. In an opinion filed February 21, 2006, the Ninth Circuit affirmed as to plaintiff's due process claim and remanded as to the right-to-access claim, with the following findings:

> Taylor alleged that the state court appointed an investigator to aid him in his state habeas proceeding, that he had the permission of the warden for confidential legal visits with the investigator, that prison personnel nevertheless

refused to mail his correspondence, that he grieved the refusal and prevailed and that prison personnel still refused to mail his letter to the investigator. These allegations are sufficient to survive review under the screening provision and require the government to respond. *See* 28 U.S.C. § 1915A; *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996).

On May 25, 2006, the Court ordered defendants to file a dispositive motion regarding the access-to-courts claim found cognizable by the Ninth Circuit. Defendants Soares and Craft thereafter correctly pointed out that in plaintiff's Second Amended Complaint, the only defendant alleged to be involved in the access-to-courts claim found cognizable by the Ninth Circuit is defendant A. Griffin ("Griffin"), who had not yet been served. Accordingly, on July 26, 2006, the Court dismissed defendants Soares and Craft; by that same order the Court directed the Clerk of the Court to issue summons and the United States Marshal to serve Griffin at CTF, where plaintiff indicated Griffin was located. (See Second Amended Complaint at 2.) On September 7, 2006, the Marshals Service returned the summons unexecuted, stating they were "unable to locate" Griffin at CTF because there was "no such individual by this name" there.

On October 26, 2006, the Court found plaintiff's complaint had been pending for over 120 days, and thus, under Rule 4(m) of the Federal Rules of Civil Procedure, was subject to dismissal without prejudice against the unserved defendant, absent a showing of "good cause." Accordingly, the Court ordered plaintiff, within thirty days of the date the order was filed, to either himself effect service on Griffin, or provide the Court with an accurate current location such that the Marshal would be able to effect such service. The Court informed plaintiff that his failure to do so would result in dismissal of this matter pursuant to Rule 4(m). On November 29, 2006, the Court granted plaintiff's request for a thirty-day extension of time to comply with the Court's order.

On January 3, 2007, plaintiff filed a motion to compel the state Attorney General ("AG"), who was counsel of record for defendant Soares in this matter, to show cause why sanctions and/or contempt findings should not be entered against him.[1] The basis for the

---

[1]Defendant Craft, a county employee, was represented by County Counsel.

United States District Court

For the Northern District of California

motion was plaintiff's contention the AG had failed to respond to his requests for a service address for defendant Griffin, a state prison employee, and had refused to waive service on Griffin's behalf under Rule 4(d) of the Federal Rules of Civil Procedure.  In support of his motion, plaintiff filed a declaration in which he asserted that, in addition to having requested service information from the AG, he had sent correspondence to the Litigation Coordinator at CTF requesting such information, and had an associate who is not a state prisoner contact the California Department of Corrections and Rehabilitation headquarters in Sacramento, and the State Personnel Board, in an attempt to obtain Griffin's current job title and assignment location.  According to plaintiff, no response had been provided to any of those inquiries.

On August 3, 2007, the Court denied plaintiff's motion, finding the State Attorney General's Office, which at present does not represent defendant Griffin or any other defendant to this action, was under no legal obligation to provide plaintiff with service information for Griffin or to waive service on Griffin's behalf under Rule 4(d).  The Court also noted that because plaintiff had failed to comply with the Court's order to show cause, either by himself effecting service on Griffin or providing the Court with an accurate current location such that the Marshal would be able to effect such service, the complaint was now subject to dismissal.  Nevertheless, in view of plaintiff's asserted efforts to obtain service information with respect to Griffin, and the asserted lack of any response to his requests, the Court found good cause existed under Rule 4(m) to provide one final extension of time for service.  Accordingly, the Court directed the Clerk of the Court to send a letter to the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, requesting assistance in obtaining a forwarding address for Griffin.  The Court explained to plaintiff that if a forwarding address was provided, the Court would direct the Clerk to issue a new summons, for purposes of the United States Marshal's making a renewed attempt to serve Griffin.  The Court also explained to plaintiff that if the Office of Legal Affairs informed the Court it had no forwarding address for Griffin, the action would be dismissed under Rule 4(m).

On August 6, 2007, the Clerk sent the aforementioned letter to the Office of Legal

3

Affairs.  As of today's date, more than sixty days have passed since the letter was sent, and the Office of Legal Affairs has not provided a forwarding address for Griffin.  Under such circumstances, the Court concludes the Office of Legal Affairs either has no forwarding address for Griffin, or is not amenable to providing one.  Although the Court found good cause to request assistance from the Office of Legal Affairs in obtaining a forwarding address for Griffin, the California Department of Corrections and Rehabilitation is not a party to the instant action, and is not subject to orders issued herein; consequently, the Court will take no further action with respect to service of Griffin.

In view of the length of time this action has been pending and plaintiff's inability to serve Griffin, the Court concludes the action against Griffin is subject to dismissal without prejudice under Rule 4(m).  Accordingly, the above-titled action is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 10, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4